FILED

SEP 11 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

Deborah Tuck
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1806

In Pro Se

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TUCK,<br><br>  Plaintiff,<br><br>  vs.<br><br>MIDLAND CREDIT MANAGEMENT INC<br>Does 1-25)<br><br>  Defendants, | CASE NO: **15CV2036 H DHB**<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br>VIOLATION OF 15 U.S.C. 1692 *et seq.* FDCPA<br>VIOLATION OF 47 U.S.C. 227 *et seq.* TCPA<br>VIOLATION OF CALIFORNIA ROSENTHAL<br>FAIR DEBT COLLECTION PRACTICES ACT<br>CC 1788 *et seq.*<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff, DEBORAH TUCK, "In Pro Se" individually hereby sues Defendant MIDLAND CREDIT MANAGEMENT for violations of the (FDCPA) 15 U.S.C. §1692, for violations of the (TCPA) 47 U.S.C. § 227(a)(iii), and the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788.

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by the Plaintiff against Defendant MIDLAND CREDIT MANAGEMENT, INC. for strict statutory violations of the Telephone Consumer Protection Act (TCPA) Sec. 227, 47 U.S.C. §227(b)(1), 47 U.S.C. §227(a)(iii). Violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692(c)(a)(1), 15 U.S.C. §1692(d)(5), 15 U.S.C. §1692(d)(6), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692(e)(10), and the California Rosenthal Fair Debt Collection Practices Act (CFDCPA).

"Conformed Court Copy"

2. Plaintiff contends that the Defendant MIDLAND CREDIT MANAGEMENT INC. has violated such laws by repeatedly harassing the Plaintiff in attempts to collect an alleged but non existent debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. §1692(k)(d), California Stat. §1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Jurisdiction also arises under California Code of Civil Procedure §410.10. Defendants conducts business in the state of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b) and California Civil Procedure §395(a). Venue in this district is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

5. This is an action for damages which exceeds $50,000.00 .

## PARTIES

6. Plaintiff, DEBORAH TUCK, ("TUCK") is a natural person and a resident of the State of California, San Diego County.

7. Upon information and belief Defendant, MIDLAND CREDIT MANAGEMENT INC. ("MCM")  is a San Diego County based corporation, authorized to do business in California, with a corporate headquarters located at 8875 Aero Drive, Suite 200 San Diego, California, 92123 USA. Upon information and belief the registered CEO/Agent is J. Brandon Black.

8. Defendant "MCM" is an entity which collects debts which brings MCM within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 ("CFDCPA").

///
///
///

# FACTUAL ALLEGATIONS

**9.** Plaintiff TUCK has no prior or present established relationship with the Defendant MCM.

**10.** Plaintiff TUCK has never given Defendant MCM express written permission to call Plaintiff TUCK'S cellular phone.

**11.** Plaintiff TUCK has no contractual obligation to pay Defendant MCM.

**12.** From May 16, 2015 thru July 6, 2015, Defendant MCM violated the (TCPA) by leaving 39 messages using an automatic telephone dialing system or artificial or pre-recorded voices on Plaintiff TUCK'S cellular phone number 760-840-1806.

**13.** From May 16, 2015 thru July 6, 2015, Defendant MCM violated the TCPA by calling Plaintiff's cellular phone 39 times with no prior express written permission given by Plaintiff TUCK.

**14.** From May 16, 2015 thru July 6, 2015, the Defendant MCM by and thru their bill collecting staff on numerous occasions committed deliberate strict statutory violations of the TCPA by by leaving recorded messages on Plaintiff's cellular phone without prior express written permission of any kind given by the Plaintiff.

**15.** From May 16, 2015 thru July 6, 2015 the Defendant MCM asserted a right which it lacks, to wit, the right to enforce or collect a debt.

**16.** From May 16, 2015 thru July 6, 2015, Defendant MCM failed to identify that they were debt collectors trying to collect a debt.

**17.** On April 6, 2015, MCM illegally requested and received Plaintiff TUCK'S personal consumer credit report, this illegal intrusion into Plaintiff TUCK'S personal consumer credit file constitutes a willful and negligent violation of 15 U.S.C. §1681(b) which would also be a criminal offense (felony) punishable under Title 18 U.S.C., the penalty being a find and/or two years imprisonment, and a civil liability exists within 15 U.S.C. §1681(n).
This same violation may also constitute a tort claim for identity theft.

**18.** On May 18, 2015 Plaintiff TUCK sent Defendant MCM a Request For Validation of the alleged debt pursuant to the Fair Debt Collection Practices Act which went <u>unanswered</u>.

**COUNT 1**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT**
**47 U.S.C. §(b)(1)(A) BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

19. Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

20. Defendant MCM has demonstrated willful and knowing non-compliance with 47 U.S.C. §227(b)(1)(a) by using an automatic telephone dialing system to call the Plaintiff's personal cellular phone number 760-840-1806 which is assigned to the San Diego County cellular service provider T-Mobile and listed on the *National Do Not Call List since November 8, 2007.*

21. **47 U.S.C. §227(b)(1)(A) states in part;**
(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT-
(1) PROHIBITIONS - It shall be unlawful for aany person within the United States , or any person outside the United States if the recipient is within the United States-
(A) To make any call (other than a call made for emergency purposes or made only with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice-

22. Defendant MCM has called the Plaintiff TUCK'S cell phone number no less than 39 separate times using an automatic dialing system.

23. Defendant MCM has committed 39 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff TUCK is entitled to damages of $500 dollars for the first call and $1500 for each additional violation after the first call pursuant to 47 U.S.C. §227(b)(3)(B).

24. Defendant MCM has demonstrated willful and or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) the last 33 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as those calls were intentional.

25. Defendant MCM has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff TUCK'S cellular phone number, which is assigned to  National cellular telephone service provider T-Mobile. The Plaintiff TUCK has never given MCM express written permission to call the Plaintiff TUCK'S cell phone. Plaintiff TUCK is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).
There has never been any established business relationship between the two parties Plaintiff TUCK and MCM within  the meaning of 47 U.S.C. §227.

1   **WHEREFORE,** Plaintiff TUCK demands judgement for damages against MCM

2   for actual, statutory, and punitive damages, attorney's fees and costs,

3   pursuant to 47 U.S.C. §227.

4                    **COUNT II**
    **VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA),**

5   **15 U.S.C.§1692(c)(a)(1) BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

6   **26.** Plaintiff TUCK alleges and incorporates the information in the all previous paragraphs.

7   **27.** Defendant MCM placed no less than 34 telephone calls to the Plaintiff's cellular telephone.

8   **28.** Defendant MCM knew that the phone calls made were inconvenient to Plaintiff TUCK.

9   **29.** Defendant MCM violated 15 U.S.C. §1692(c)(a)(1) by calling Plaintiff TUCK'S cellular

10  phone on dates and times listed in detail in **"ATTACHMENT A"** attached to this

11  suit/complaint, with no express prior written permission given by Plaintiff TUCK.

12  **30.** Such communication is prohibited by 15 U.S.C. §1692(c)(a)(1).

13  **31. 15 U.S.C. §1692(c)(a) states in part;**

14       (A)  COMMUNICATION WITH THE CONSUMER GENERALLY, without the prior
             consent of the consumer given directly to the debt collector or the express permission

15           of a court of competent jurisdiction, a debt collector may not communicate with
             a consumer in connection with the collection of a debt -

16

17  **WHEREFORE,** Plaintiff TUCK demands judgement for damages against MCM for

18  Actual, statutory, and punitive damages, attorney fees and costs, pursuant to

19  15 U.S.C. §1692c(a).

20                   **COUNT III**
    **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

21  **§1692d(5) BY DEFENDANT MIDLAND CREDIT MANAGEMENT**

22  **32.** Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

23  **33.** Defendant MCM violated 15 U.S.C. §1692d(5) by calling the Plaintiff no less than

24  34 times causing the Plaintiff's phone to ring repeatedly and/or continuously with

25  the intent to annoy, abuse, or harass the Plaintiff with no prior express written

26  permission given by Plaintiff TUCK.

27  **34.** This intentional and repeated calling by the Defendant MCM has caused the Plaintiff

28  TUCK undue stress, confusion, nervousness and embarrassment.

---

**VERIFIED COMPLAINT FOR DAMAGES**                              **Page 5**

35. **15 U.S.C. §1692d(5) states in part;**
    A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    **WHEREFORE,** Plaintiff demands judgement for damages against MCM for actual,

    statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692d(5).

**COUNT IV**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),**
**15 U.S.C.§1692d(6) BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

36. Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

37. Defendant MCM violated 15 U.S.C. §1692d(6) by calling  Plaintiff TUCK

    without <u>meaningful disclosure of the caller's identity</u> on no less than 34 separate and

    independent call times with no prior express written permission by Plaintiff TUCK.

38. **15 U.S.C. §1692d(6) states in part;**
    A debt collector may not engage in any conduct the natural consequences of which is to harass, oppres, or abuse any person in connection with the collection of an alleged debt. Without limiting the general application of the foregoing, the following conduct is a statutory violation of this section:

    (6) The placement of telephone calls without meaningful disclosure of the caller's identity.

    **WHEREFORE,** Plaintiff demands judgement for damages against MCM for actual,

    statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692d(6).

**COUNT V**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),**
**15 U.S.C. §1692e(10) BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

39. Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

40. Defendant MCM violated 15 U.S.C. §1692e(10) by the use of false representation or

    deceptive means to collect or attempt to collect a debt or to obtain information

    concerning a consumer.

///
///

---

**41. 15 U.S.C. §1692e(10) states in part;**
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning consumer.

**WHEREFORE,** Plaintiff demands judgement for damages against MCM for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692e(10).

**COUNT VI**
**VIOLATION OF 15 U.S.C. §1681(b) & 15 U.S.C. §1681n SECTION 604**
**OF THE FAIR CREDIT REPORTING ACT**
**BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

42. Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

43. Plaintiff TUCK recently obtained a copy of her consumer credit report and discovered that on October 1, 2009 and between March 1, 2015 andApril 6, 2015 Defendant MCM illegally obtained a copy of Plaintiff TUCK'S personal consumer credit file in it's entirety. MCM is a "debt collector" pursuant to 15 U.S.C. $1681. DEBORAH TUCK is a "consumer" as that term is defined in 15 U.S.C.§1681 *seq.* MCM is not a creditor, and Plaintiff TUCK has not applied for, neither received any services or credit with MCM, therefore MCM's illegal and willful intrusion into Plaintiff TUCK'S personal credit consumer credit file constitutes a willful and negligent violation of 15 U.S.C. §1681(b) which is a criminal offense (felony) punishable under Title 18 U.S.C., the penalty being a fine and or two years imprisonment, or both,  and a civil liability exists within 15 U.S.C. §1681n.

44. This strict statutory violation may also constitute a Federal tort claim for identity theft.

///
///
///

45. **Section 604 of the Fair Credit Reporting Act 15 U.S.C. §1681** *et seq.*
**states in part;**
Permissable purposes of consumer credit reports, any consumer reporting agency
may furnish a consumer credit report under the following circumstances and no other:

(1) In response to the order fo a court having jurisdiction to issue such and order, or
a subpoena issued in connection with preceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer whom it relates.

(3) To a person which it has reason to believe –
   **(A) intends to use the information in connection with the credit transaction
   involving the consumer on whom the information is to be furnished and
   involving the extension of credit to, or review or collection of an account
   of the consumer.**

**WHEREFORE,** Plaintiff demands judgement for damages against MCM for actual,
statutory, and punitive damages, attorney's fees and costs, pursuant to Section 604
of the Fair Credit Reporting Act and 15 U.S.C. §1692 *et seq.*

**COUNT VII**
**VIOLATION OF CALIFORNIA ROSENTHAL**
**FAIR DEBT COLLECTION PRACTICES ACT CC 1788** *et seq.*
**BY DEFENDANT MIDLAND CREDIT MANAGENT INC.**

46. Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

47. Plaintiff TUCK is a consumer within the meaning of 15 U.S.C. §1692 *et seq.*

48. Defendant MCM is seeking to collect a consumer debt from Plaintiff TUCK as
defined by California Civil Procedure §1788(f).

49. The account in question is a consumer credit transaction as defined by California
Civil Procedure §1788(e) as Plaintiff TUCK has allegedly received property, services
or money from the defendant MCM or an extension of credit, and such property,
services or money was used primarily for personal, family or household purposes.

50. Defendant MCM violated §1788.11(d) of the California Fair Debt Collection
Practices Act (CFDCPA) by placing collection calls to Plaintiff TUCK'S personal
cellular phone repeatedly and continuously so as to annoy Plaintiff TUCK.

51. Defendant MCM violated §1788.17 of the California Fair Debt Collection Practices
Act (CFDCPA) by placing collection calls to Plaintiff TUCK'S personal cellular
phone with such frequency as to be unreasonable and to constitute a direct

intentional barrage of harassment towards Plaintiff TUCK under the circumstances.

**52.** Defendant MCM violated Section §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by continuously failing to comply with the statutory regulations contained with the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*

I.   Defendant MCM violated §1692d of the Fair Debt Collection Practices Act (FDCPA) by engaging in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff TUCK.

ii.   Defendant MCM violated §1692d(5) of the Fair Debt Collection Practices Act (FDCPA) by directly causing Plaintiff TUCK'S cellular telephone to ring repeatedly and continuously, <u>sometimes multiple times in the same day</u> with the intent to annoy, abuse, or harass Plaintiff TUCK.

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against MIDLAND CREDIT MANAGEMENT INC., MCM, for actual, statutory, and attorney's fees and costs pursuant to §1788.30(b) and costs pursuant to §1788.30©.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 11ᵗʰ day of September, in the year of 2015.

DEBORAH TUCK
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1806

In Pro Se

///
///
///
///
///
///

VERIFIED COMPLAINT FOR DAMAGES                    Page 9

# VERIFICATION

## Declarations of Deborah Tuck

I, Deborah Tuck declare as follows:

1. I am the Plaintiff in the above-entitled action.

2. I am of age, sound mind and competent to testify to all of the facts based on first hand knowledge of the above-items so stated.

3. I have been damaged financially, socially and emotionally as a direct result of Defendant's MCM'S unlawful actions and conduct.

4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare under the penalty of perjury pursuant to the laws of California and the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Deborah Tuck, Declarant

///
///
///
///
///
///
///
///
///
///
///
///

# "ATTACHMENT A"

Here is a list of strict statutory (TCPA)(FDCPA) & (CFDCPA)
violations committed by the Defendant
Midland Credit Management. "MCM"

At the present time violations include calls to my personal T-Mobile cellular
service providers cell phone 760-840-1806 on the below-listed dates and
times:

| Call #1 | May 16, 2015 @ 9:09 a.m. | (from 855-808-0414) |
| Call #2 | May 16, 2015 @ 10:05 a.m. | (from 855-808-0414) |
| Call #3 | May 17, 2015 @ 9:08 a.m. | (from 855-808-0414) |
| Call #4 | June 3, 2015 @ 1:56 p.m. | (from 855-789-8625) |
| Call #5 | June 4, 2015 @ 10:58 a.m. | (from 855-789-8625) |
| Call #6 | June 6, 2015 @ 9:25 a.m. | (from 855-789-8625) |
| Call #7 | June 7, 2015 @ 9:25 a.m. | (from 855-789-8625) |
| Call #8 | June 7, 2015 @ 9:36 a.m. | (from 855-789-8625) |
| Call #9 | June 7, 2015 @ 9:37 a.m. | (from 855-789-8625) |
| Call #10 | June 7, 2015 @ 4:18 p.m. | (from 855-789-8625) |
| Call #11 | June 8, 2015 @ 9:13 a.m. | (from 855-789-8625) |
| Call #12 | June 8, 2015 @ 9:23 a.m. | (from 855-789-8625) |
| Call #13 | June 8, 2015 @ 4:27 p.m. | (from 855-789-8625) |
| Call #14 | June 9, 2015 @ 9:16 a.m. | (from 855-789-8625) |
| Call #15 | June 10, 2015 @ 9:55 a.m. | (from 855-789-8625) |
| Call #16 | June 11, 2015 @ 9:18 a.m. | (from 855-789-8625) |
| Call #17 | June 12, 2015 @ 9:16 a.m. | (from 855-789-8625) |
| Call #18 | June 13, 2015 @ 9:40 a.m. | (from 855-789-8625) |
| Call #19 | June 13, 2015 @ 10:15 a.m. | (from 855-789-8625) |
| Call #20 | June 14, 2015 @ 10:48 a.m. | (from 855-789-8625) |
| Call #21 | June 15, 2015 @ 9:12 a.m. | (from 855-789-8625) |
| Call #22 | June 15, 2015 @ 10:38 a.m. | (from 855-789-8625) |
| Call #23 | June 16, 2015 @ 9:08 a.m. | (from 855-789-8625) |

**ATTACHMENT A**
VERIFIED COMPLAINT FOR DAMAGES

| | | | |
|---|---|---|---|
| 1 | Call #24 | June 17, 2015 @ 9:22 a.m. | (from 855-789-8625) |
| 2 | Call #25 | June 19, 2015 @ 10:23 a.m. | (from 855-789-8625) |
| 3 | Call #26 | June 22, 2015 @ 9:28 a.m. | (from 855-789-8625) |
| 4 | Call #27 | June 24, 2015 @ 11:44 a.m. | (from 855-789-8625) |
| 5 | Call #28 | June 25, 2015 @ 9:28 a.m. | (from 855-789-8625) |
| 6 | Call #29 | June 25, 2015 @ 10:23 a.m. | (from 855-789-8625) |
| 7 | Call #30 | June 27, 2015 @ 9:08 a.m. | (from 855-789-8625) |
| 8 | Call #31 | June 29, 2015 @ 4:00 p.m. | (from 855-789-8625) |
| 9 | Call #32 | June 30, 2015 @ 9:28 a.m. | (from 855-789-8625) |
| 10 | Call #33 | July 01 , 2015 @ 9:08 a.m. | (from 855-789-8625) |
| 11 | Call #34 | July 06, 2015 @ 1:23 p.m. | (from 855-789-8625) |
| 12 | /// | | |
| 13 | /// | | |
| 14 | /// | | |
| 15 | /// | | |
| 16 | /// | | |
| 17 | /// | | |
| 18 | /// | | |
| 19 | /// | | |
| 20 | /// | | |
| 21 | /// | | |
| 22 | /// | | |
| 23 | /// | | |
| 24 | /// | | |
| 25 | /// | | |
| 26 | /// | | |
| 27 | /// | | |
| 28 | | | |

**ATTACHMENT A**
VERIFIED COMPLAINT FOR DAMAGES

PAGE 12